MARIA-COSTANZA BARDUCCI
BARDUCCI LAW FIRM
PLLC
5 WEST 19TH STREET, 10TH
FLOOR NEW YORK, NEW YORK

10011 TELEPHONE: 212-433-2554

**November 20, 2024**

Honorable Joseph A. Marutollo
U.S. Magistrate Judge
Eastern District of New York
225 Cadman Plaza E,
Brooklyn, NY 11201

> Re: *Michael Adams v.* **Batata Brooklyn LLC,** *et al*
> Civil Action No.: **1:24-cv-02736-LDH-JAM**
> *Status Report - In RE: The Court's November 18, 2024 Order*

Dear Honorable Magistrate Judge Marutollo

We represent Plaintiff in the above-styled action.

Pursuant to the Court's November 18, 2024 Order, the Plaintiff is required to file a Reply to Defendants' allegations within their letter motion before November 20, 2024. To preface, the Defendant **3021 Fort Hamilton Parkway LLC** appears to be owned by the Attorney of record Erza Glaser, and is consistently referred to as a corporation despite clearly being a Limited Liability Company—nevertheless Mr. Glaser and his firm are representing both the landlord LLC and tenant Corp. in this civil action under Title III.

As an initial matter, the Defendants seem to be unaware of the normative service process in New York State un and pursuant to Business Corporation Law, Section 306: (BSC) CHAPTER 4, ARTICLE 3, which states verbatim, "(b) (1) Service of process on the secretary of state as agent of a domestic or authorized foreign corporation…" and specifically directs service as described infra;

> (i) "Personally delivering to and leaving
> with the secretary of state or a deputy, or with any person authorized
> by the secretary of state to receive such service, at the office of the
> department of state in the city of Albany, duplicate copies of such
> process together with the statutory fee, which fee shall be a taxable
> disbursement. Service of process on such corporation shall be complete
> when the secretary of state is so served. The secretary of state shall
> promptly send one of such copies by certified mail, return receipt
> requested, to such corporation, at the post office address, on file in
> the department of state, specified for the purpose"

Therefore, it seems that and given this misunderstanding, the allegations in Defendant's application [DE#24, 2, at ¶4] should be dismissed given the clarification exhibited to Defendants

via this reply letter and their appearance on the docket. As to the second issue raised in Defendants' motion, the Plaintiffs served the Defendants exactly as the Court instructed, and the annexed exhibit pleading was more than legible, as the Defendants for some reason offered their disingenuous version of events; however, this office was more than capable of reading the exhibit just after printing and prior to serving.

      Finally, as the Defendants seem to suggest, there was no action taken by the Plaintiff in the adjudication of this civil action to vindicate the Plaintiff's civil rights under the ADA and ADAAG to equal access to public goods and services. The Plaintiff completely understands the Defendants dilemma, and further fully prefers to litigate the claims against the Defendants on their merits, and thereon the Defendants formally have the Plaintiffs Adams' consent to abrogate and vacate the Clerk Certificates of Default, should they so request such relief. For the Plaintiff seeks injunctive relief through remediation of the barriers to access that deprived the Plaintiff and other similarly situated persons from entry and access to the services and food offered at the subject public accommodation, and that which formulate the causes of action to this suit.

      Thank you for your time in considering this request.

      Most Respectfully,

      BARDUCCI LAW FIRM

      *[signature]*

      PLLC

      Maria-Costanza Barducci Esq.

cc: Via CM/ECF Only